MUNGER, TOLLES & OLSON LLP

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

———

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

December 30, 2015

Writer's Direct Contact
(213) 683-9233
(213) 593-2833 FAX
Guha.Krishnamurthi@mto.com

Clerk of the Court
U.S. Court of Appeals for the Seventh Circuit
Room 2722
219 S. Dearborn Street
Chicago, IL 60604

    Re:    *United States v. Terry Joe Smith*, Case Nos. 14-3744 and 14-3721

Dear Clerk of the Court:

    This case is set for argument on January 6, 2016. On December 23, the government filed a Rule 28(j) letter appending nine authorities. None of these cases is new; all were available when the government filed its responsive brief on September 9.

    Moreover, none of these cases supports the government's flawed arguments in this Court. For example, in *United States v. Oriedo*, 498 F.3d 593 (7th Cir. 2007), one officer testified about whether he was concerned about counter-surveillance during a drug-deal sting. *Oriedo* held this was not expert testimony as the officer did not testify about whether in fact counter-surveillance was occurring; he simply testified about his own mental state. *Id.* at 602. Here, in violation of Rule 701, the officers provided their opinion about whether Smith's exercises of force were *in fact* unreasonable.

    Indeed, in holding that testimony by another officer about general narcotics-trafficking practices was expert testimony, *Oriedo* confirmed that officers may not offer supposedly lay opinions based on specialized knowledge acquired from law-enforcement experience from outside the instant investigation. *Id.* at 602-04.

Clerk of the Court
December 30, 2015
Page 2

   Similarly, *Clarett v. Roberts* simply held that testimony based on personal knowledge, like experience operating a familiar device like a taser, is not specialized knowledge under Rule 702. 657 F.3d 664, 671 (7th Cir. 2011). The officer testimony here went beyond personal knowledge—it called for the officers' professional judgment, informed by police training, about the type and level of appropriate law-enforcement force.

   Furthermore, none of the cases cited specifically addresses the question of the standard of review for classification of witness testimony as lay or expert. When this Court has specifically addressed the question, it has made clear that *de novo* review applies to this determination. Smith Reply, 13-15.

   Finally, the government's point that Rule 701 concerns the nature of the testimony and not the witness is inapposite. Smith's argument addresses the officer's testimony and the government's characterization of that testimony. Smith Opening, 26-27. The officers—responding to the government's questions at trial—testified based on specialized training and experience that Smith's force was unreasonable. The admission of this testimony squarely violated Rule 701(c).

   I certify that the body of this letter above contains 350 words.

         Respectfully submitted,

         Guha Krishnamurthi
         MUNGER, TOLLES & OLSON LLP

         *s/ Guha Krishnamurthi*
         Attorneys for Defendant/Appellant/
         Cross-Appellee TERRY JOE SMITH

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant–Appellant certifies that, on December 30, 2015, he electronically filed the foregoing letter, dated December 30, 2015, with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system. He further certifies that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

DATED:  December 30, 2015

Guha Krishnamurthi
MUNGER, TOLLES & OLSON LLP

s/ *Guha Krishnamurthi*
Attorneys for Defendant, Appellant,
Cross-Appellee TERRY JOE SMITH